IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CR-56-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MAKITA BOONE, | ) |
| | ) |
| Defendant. | ) |

On May 24, 2022, Makita Boone ("Boone" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 40]. On September 12, 2022, Boone moved pro se for a reduction of sentence pursuant to 18 U.S.C. § 3742(e) [D.E. 48]. On November 4, 2022, the government responded in opposition [D.E. 52]. On November 16, 2022, Boone replied [D.E. 55]. As explained below, the court denies Boone's motions.

I.

On November 2, 2021, pursuant to a written plea agreement, Boone pleaded guilty to one count of aiding and assisting the preparation and presentation of a false tax return. See [D.E. 10, 15, 38]. On February 7, 2022, the court held Boone's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved Boone's objection. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 39] 4–5; PSR [D.E. 25]. The court calculated Boone's total offense level to be 19, her criminal history category to be I, and her advisory guideline range to be 30 to 36 months' imprisonment. See PSR ¶ 58; Sent. Tr. at 4–5. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Boone to 30

months' imprisonment. See [D.E. 31]; Sent. Tr. at 5–24. Boone appealed. See [D.E. 31]. On June 2, 2022, Boone voluntarily dismissed her appeal. See [D.E. 42].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable

2

Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n

3

extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Boone claims that she applied to her warden for compassionate release. See [D.E. 55] 2–3; [D.E. 44-1]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 52]. The court assumes Boone met the exhaustion requirements and addresses Boone's motion on the merits. See Muhammad, 16 F.4th at 130.

Boone seeks compassionate release pursuant to section 3582(c)(1)(A). She cites the COVID-19 pandemic, her medical conditions (obesity, chronic asthma, hypertension, and chronic allergies), her two teenage children, her rehabilitative efforts, the conditions in prison, and her release plan. See [D.E. 40] 1–5; [D.E. 48]; [D.E. 55-1].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Boone is 35 years old and claims to be suffering from obesity, hypertension, chronic asthma, and chronic allergies. See [D.E. 40] 2. She does not argue that the BOP has failed to provide needed treatment for her conditions or that she has a diminished ability to provide self-care. See id.

Boone argues that her medical conditions put her at heightened risk of serious infection or death from COVID-19, and cites recent (non-COVID-19) illness she has experienced while in prison. See [D.E. 40] 2–5. However, Boone refused a COVID-19 vaccine on April 15, 2022. See [D.E. 53]. The vaccine would provide protection. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule

4

out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Boone has not disclosed to the court any religious or medical reason why she cannot receive or benefit from a COVID-19 vaccine. See Lemons, 15 F.4th at 751 (noting that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by" granting compassionate release); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the defendant's failure to be vaccinated was not an extraordinary and compelling reason justifying compassionate release because he "has never contended that he is medically unable to receive or benefit from the available vaccines"). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary

5

and compelling' justification for release. The risk is self-incurred." Broadfield, 5 F.4th at 803; see also United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Lemons, 15 F.4th at 751 ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); Hald, 8 F.4th at 936 n.2 (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release); Baeza-Vargas, 532 F. Supp. 3d at 843–44 (collecting cases that ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. McBride, No. 5:19-CR-7, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (noting that even if the defendant's medical condition qualified as an extraordinary and compelling reason for granting compassionate release, "it does not qualify as such in this instance. Defendant rejected the COVID-19 vaccine. . . . Defendant's refusal to take preventative measures undermines her assertion that extraordinary and compelling reasons exist to warrant her release from prison."); cf. United States v. Osman, No. 21-7150, 2022 WL 485183, at *1 n.2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished). Therefore, reducing Boone's sentence because of her risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Boone also cites her desire to care for her two teenage children under the family circumstances application note. [D.E. 55] 3. Boone asserts that her children now live with her boyfriend, who is struggling financially. See id. However, Boone's two children are able to live with Boone's mother or sister, and Boone has not demonstrated that either of these potential family

care givers are "incapacitated." See U.S.S.G. § 1B1.13 cmt. n.1; Sent. Tr. at 15; PSR ¶ 30. On this record, Boone has not shown that her family circumstances are extraordinary and compelling and reducing Boone's sentence is inconsistent with application note 1(C). See 18 U.S.C. § 3582(c)(1)(C). Nonetheless, the court considers Boone's desire to help care for her teenage children under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Boone's physical health, the conditions in prison, Boone's rehabilitative efforts, Boone's desire to care for her teenage children, and Boone's release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Boone's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Boone is incarcerated for aiding and assisting the preparation and presentation of a false tax return. See PSR ¶¶ 1, 5–16. Boone conducted a years-long scheme, filing hundreds of false and inflated tax returns and W-2 forms. See id. at ¶¶ 5–16. Boone caused an intended tax loss of approximately $1,099,439.50 for tax years 2012 to 2018. See id. at ¶ 16. Before her federal conviction, Boone received 12 months' probation for resisting a public officer in 2012. See id. at ¶ 21.

Boone has made some positive efforts while federally incarcerated. She has taken several classes and has received six certifications. See [D.E. 47-2]; [D.E. 48]; [D.E. 48-1]. Boone also

7

claims she presents a low risk of recidivism. See [D.E. 48] 1. There is no evidence on this record suggesting Boone has received any infractions while imprisoned. However, Boone has only served less than seven months of her 30-month term of sentence. See [D.E. 52] 16.[1]

The court must balance Boone's serious criminal conduct, her criminal history, her generally positive performance in federal custody, the need to punish her, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, ___ F.4th ___, ___, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Boone's potential exposure to COVID-19, her health issues, her desire to care for her teenage children, and her release plan. Boone has a release plan that includes moving to Roanoke Rapids with her boyfriend and two teenage children where she plans to work as a cashier for either McDonalds or Hardees. See [D.E. 55-1]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Boone's arguments, the government's persuasive response, the need to punish Boone for her serious criminal behavior, to incapacitate Boone, to promote respect for the law, to deter others, and to protect society, the court denies Boone's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; Roane, ___ F.4th at ___, 2022

---

[1] Boone also cites her rehabilitative efforts as grounds for the court to reduce Boone's sentence under 18 U.S.C. § 3742(e). [D.E. 48] 1. However, 18 U.S.C. § 3742 concerns review of a sentence "after an appeal by the defendant or the Government, and the District Court does not enter into this process unless the Court of Appeals remands for resentencing." Lunn v. United States, No. 1:16CR19-4, 2020 WL 3529823, at *1 (M.D.N.C. June 30, 2020) (unpublished). The Fourth Circuit has not remanded Boone's case for resentencing. Therefore, the court cannot reduce Boone's sentence based on post-conviction rehabilitation under section 3742(e). See United States v. Briceno, Case No. 11-20076-2, 2016 WL 3418489, at *1 (E.D. Mich. June 22, 2016) (unpublished).

8

Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; Roane, ___ F.4th at ___, 2022 WL 10217083, at *8–9; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 40] and motion to reduce sentence [D.E. 48].

SO ORDERED. This 22 day of November, 2022.

JAMES C. DEVER III
United States District Judge

9